**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00322-RWS |
| WALMART CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s motion for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided therein, and will grant the motion. Additionally, for the reasons explained below, the Court will dismiss this action without further proceedings.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff has filed numerous lawsuits in this Court. The instant case is one of 12 cases he filed in March of 2024 alone. He can be understood to sue Walmart for racial discrimination in connection with his attempt to exchange or return a mattress or "airbag" without a receipt in December 2023. (ECF No. 1 at 5). Plaintiff alleges that when he tried to exchange the item,

> the manager whom was Caucasin would not allow myself Sidney Keys Sr. return an unopen airbag without a receipt but the Caucasin manager allowed a Caucasian customer that was before myself Sidney Keys Sr. that also had no receipt return her purchased article.[1]

*Id.* In a filing attached to the Complaint, Plaintiff alleges that the manager and "a Latino customer service employee" said that because Plaintiff did not have a receipt, they had no way of knowing whether Plaintiff stole the item. (ECF No. 1-1 at 1). Plaintiff avers he attempted to exchange the item within the manufacturer's 90-day return period, and he states that other African American people were with him at the time in question. As relief, Plaintiff seeks an unspecified amount in damages to be awarded at a jury trial.

---

[1] The text is quoted verbatim without correction of errors.

2

**Discussion**

Plaintiff's legal theory is unclear, but as best the Court can tell, he attempts to bring a claim pursuant to 42 U.S.C. § 1981. However, the Complaint contains no factual allegations that permit the inference that Plaintiff was subjected to purposeful and intentional racial discrimination, as necessary to state a viable § 1981 claim. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (discussing § 1981 claims). Plaintiff states that a Caucasian person was allowed to return an unspecified item without a receipt, but he does not allege sufficient facts to permit the inference that his transaction was disallowed because of his race. Instead, Plaintiff offers speculative and conclusory assertions are insufficient to state any plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Therefore, the Court finds the Complaint fails to state a claim upon which relief may be granted, and will dismiss this action without further proceedings. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking the appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of June, 2024.

RODNEY W. SIPPEL
SENIOR UNITED STATES DISTRICT JUDGE